FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 17, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

PHILLIP JOHN MOTYKA, JR,

Defendant.

NO. 2:22-CR-0056-TOR-1

DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

BEFORE THE COURT is Defendant's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 51. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Sentence Reduction, ECF No. 51, is denied.

Defendant seeks early release so he can take care of his 87-year old father.

**A. Eligibility for Compassionate Release**

Federal courts have the statutory authority to modify an imposed term of

imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant

poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

**B. Exhaustion or Lapse of 30 days**

Defendant has exhausted his administrative remedies by filing his request with the warden.

Accordingly, the Court will consider Defendant's administrative remedies exhausted.

**C. Extraordinary and Compelling Reasons**

The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-

LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1.

Most recently, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). According to the Ninth Circuit, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Thus, "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *Id*.

(agreeing with and quoting decisions of Second and Fourth Circuits).

First, Defendant argues that he be released so he can care for his 87-year-old father. ECF No. 51.

The Court finds that none of the enumerated reasons for compassionate release contemplate care for an elderly parent and the fourth, catchall "extraordinary and compelling" reason does not warrant release under the facts of this case. The fact that an inmate has an elderly parent who could well benefit from the assistance of their child could apply to any inmate with a parent who is both elderly and has health conditions. This is not extraordinary, but rather typical. Defendant's father has the financial resources to enlist assistive care for himself.

In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement—
(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing and in consideration of the first motion for compassionate release the Court fully considered these factors. Even with

recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

**E. Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant contends that she poses no risk to the community because she can be supervised. The Court disagrees and finds otherwise. Defendant's dealing in drugs shows he presents a serious risk to the public.

Defendant is not the only person who can provide his father with assistance. The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 51, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties (including Defendant at the Victorville Federal Prison Camp).

DATED September 17, 2026.

THOMAS O. RICE
United States District Judge